

600 Third Avenue, 22nd Floor | New York, NY 10016-1915 | **bsk.com**

**MALLORY A. CAMPBELL ESQ.**
mcampbell@bsk.com
P: 646.253.2339

September 18, 2024

<u>**VIA ECF**</u>

Hon. J. Paul Oetken
United States District Judge
Southern District of New York
40 Foley Square, Room 2101
New York, New York 10007

Re: *Jenna Hoffman v. Mary Giuliani Catering & Events, Inc., et al; Case No. 1:24-cv-05910*

Dear Judge Oetken:

We represent Defendants Mary Giuliani Catering & Events, Inc., Mary Giuliani, LLC, and Mary Giuliani ("Defendants") in the above-referenced matter. We respectfully submit this letter requesting a pre-motion conference for purposes, if necessary, of filing a motion to stay this action, and to compel arbitration of the claims of Plaintiff Jenna Hoffman ("Plaintiff").

Mary Giuliani Catering & Events, Inc. ("MGCE") hired Plaintiff on or around June 14, 2021 as an Event Producer who worked for MGCE for approximately six weeks. In connection therewith, Plaintiff executed the Confidentiality Agreement and Restrictive Covenant (the "Agreement") effective June 14, 2021. (See **Exhibit A**). Paragraph 10 of the Agreement expressly requires that Plaintiff arbitrate any and all controversies, disagreements, disputes, or claims arising from or relating to Plaintiff's employment with MGCE before the American Arbitration Association ("AAA"). In addition, the scope of the arbitration clause includes "claims against any current or former agent or employee…". Because Plaintiff's claims fall squarely within the scope of the Agreement, the Federal Arbitration Act ("FAA") requires that this action be stayed, and that Plaintiff be compelled to arbitrate her claims.

Plaintiff is a party to a written arbitration agreement that is expressly governed by the FAA and that encompasses all employment-related claims, including all the claims set forth in the Complaint against the defendants. Consistent with the FAA, and Supreme Court and Second Circuit precedent, courts in this Circuit routinely enforce precisely this kind of arbitration agreement, and this Court should do the same here. "[F]ederal policy strongly favors arbitration as an alternative dispute resolution process." *Collins & Aikman Products Co. v. Building Systems, Inc.,* 58 F.3d 16, 19 (2d Cir. 1995) (internal citation omitted). The FAA provides at section 2 that written agreements to arbitrate controversies "shall be valid, irrevocable and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Section 4 of the FAA is on point. It requires a federal court to order

parties to proceed to arbitration if there has been a failure, neglect, or refusal of any party to honor an agreement to arbitrate. *See* 9 U.S.C. § 4. These arbitration provisions are mandatory: "[b]y its terms, the Act leaves no room for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds Inc. v. Byrd,* 470 U.S. 213, 218 (1985) (emphasis in original).

The Court should employ a four-part test to determine whether arbitration should be compelled in a given case. *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 625-629 (1985). <u>First</u>, the court must find that the parties agreed to arbitrate their dispute. Here, the Agreement is plainly an enforceable agreement to arbitrate these claims. MGCE made an offer to Plaintiff in the form of the Agreement, which incorporated the referenced arbitration provision. Plaintiff accepted such offer by signing the Agreement. *See, Whitt v. Prosper Funding LLC*, No. 1:15-cv-136-GHW, 2015 WL 4254062, at *1-2 (S.D.N.Y. July 14, 2015) (finding acceptance of terms where individual clicked a box that stated: "Clicking the box below constitutes your acceptance of [the terms]"). As consideration for entering into the Agreement, Plaintiff received the Event Producer position and related compensation.

<u>Second</u>, it must determine that the asserted claims fall within the scope of the arbitration agreement. Here, the Agreement covers "any and all controversies, disagreements, disputes, or claims arising from or relating to [Plaintiff's] employment with [MGCE]…including claims against any current or former agent or employee of [MGCE]…including without limitation claims for employment discrimination under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the Americans with Disabilities Act…the Fair Labor Standards Act, or any other federal, state, or local law or regulation concerning any part of the employment relationship." (See Exhibit A). In the Complaint, Plaintiff alleges discrimination and retaliation under federal, state, and city law, as well as unpaid overtime wages under the New York Labor Law, in connection with her employment with MGCE. Such alleged conduct clearly "arises out of" or "relates to" her employment. *See Johnson v. Everyrealm, Inc.*, 657 F.Supp.3d 535, 549 (S.D.N.Y. 2023).

<u>Third</u>, if federal statutory claims are at issue, the court must assess whether Congress intended those claims to be non-arbitrable. The Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 prohibits the application of mandatory arbitration clauses to sexual harassment and sexual assault claims. It is inapplicable here as there is no such claim for sexual assault or sexual harassment. It is also in applicable because "it only applies to disputes or claims that arise after March 3, 2022." *Barrios-Contreras v. Big Fish Entertainment, LLC*, 23-CV-5821 (JGLC) (JLC), 2024 WL 3435854, at *6 (S.D.N.Y. July 17, 2024). Here, Plaintiff was terminated on or about August 4, 2021. In the event Plaintiff claims that C.P.L.R. § 7515 prevents the mandatory arbitration of discrimination claims, such argument is unavailing. Courts in this Circuit have consistently held that the FAA preempts CPLR § 7515 and allows for the mandatory arbitration of such claims. *Tantaros v. Fox News*

*Network, LLC*, 12 F.4th 135 (2d Cir. 2021); *see also, Whyte v. WeWork Cos., Inc.*, No. 20-cv-1800 (CM), 2020 WL 3099969, at *5 (S.D.N.Y. June 11, 2020) ("The Supreme Court has specifically forbidden state legislatures from creating exceptions to the FAA like the one embodied in CPLR § 7515."); *Gilbert v. Indeed, Inc.*, 513 F.Supp.3d 374 (S.D.N.Y. 2021); *Gordon v. Wilson Elser Moskowitz Edelman & Dicker LLP*, 22 Civ. 5212 (JPC) JEW), 2023 WL 2138693 (S.D.N.Y. Feb. 21, 2023); *Walters v. Starbucks Corp.*, 623 F.Supp.3d 333 (S.D.N.Y. 2022).

<u>Fourth</u>, if only some of the claims are subject to arbitration, the court must decide whether to stay the balance of the proceedings pending arbitration. The fourth part is inapplicable because all of Plaintiff's claims are subject to arbitration.

On September 16, 2024, Counsel for Defendants informed Plaintiff's counsel of the Agreement and requested that they pursue their claims through the American Arbitration Association, as agreed upon. As of today, Plaintiff's counsel has not responded.

Defendants respectfully request a pre-motion conference with respect to the above issue at Your Honor's earliest convenience as Defendants' answer is due on September 27, 2024. Defendants are fully prepared to bring a formal motion for a stay of these proceedings and compelling arbitration of the claims if necessary but hope to avoid further expense or waste of the Court's time.

Thank you for your consideration.

Very truly yours,

BOND, SCHOENECK & KING, PLLC

*[signature]*

Mallory A. Campbell

cc: <u>Via ECF</u>
All Counsel of Record