

# CONFIDENTIALITY AGREEMENT AND RESTRICTIVE COVENANT

THIS AGREEMENT, entered into and executed by the parties in New York, New York, is made as of the __14th__ day of __June_____, _2021___, by and between Mary Giuliani Catering and Events, Inc., a New York corporation, with its principal office located at 135 W 20th St, New York, NY  10011 (hereinafter called the "Company"), and __Jenna Hoffmann__ presently residing at _443 E 83rd St, #C, New York NY 10029_____ (hereinafter called "Employee").

WHEREAS, the Employee has agreed to become employed by the Company as of _____June 14th, 2021_____; and

WHEREAS, it is a condition to of employment by the Company that Employee enters into this Confidentiality and Non-Solicitation Agreement.

**W I T N E S S E T H :**

**1.** **Confidential Information**.

Employee acknowledges that lists of customers and potential customers; identity of customers and potential customers; customer contact people and buyers; the particular preferences and predilections of various customers and their representatives; customer usages and requirements; sources of supply; supplier and vendor information; quality control; product delivery methods; processes; inventions; trade-secrets; assets; properties; third-party contracts; intellectual property; marketing methods, plans and systems; present and contemplated marketing strategy; sales methods; sales plans; sales information; cost information, including overhead; pricing information; profit information; business methods; financial information; plans for future development; know-how; and any other non-public, creative, technical, legal or business information and data are confidential, valuable, special and unique assets of the Company ("Confidential Information") to which the Company has sole and exclusive property rights. Employee shall not, either during the period of employment or following termination thereof for any reason, use or in any manner disclose, any such Confidential Information to any person, firm, corporation or other entity for any reason (other than authorized executives or employees of the Company), except upon prior written consent of the Company.

**2.** **Non-Solicitation of Customers and Employees**

 A. Employee acknowledges and agrees that the Company is engaged in a highly competitive business and that by virtue of Employee's responsibilities with the Company s/he will have access to the trade secrets and Confidential Information and will develop relationships with the Company's customers. Employee acknowledges that the Company's trade secrets, Confidential Information, customer relationships and customer goodwill are unique and special assets of the Company.

 B. Employee therefore covenants and agrees that during the term of his/her employment with the Company, and for a period of one (1) year following the termination of his/her employment with the Company for any reason whatsoever, he/she will not directly or indirectly:

  i. Solicit, agree to perform or perform services of any type that the Company can render ("Services") for any person or entity who paid or engaged the Company for Services, or who received the benefit of the Company's Services, or with whom Employee had any substantial dealing while employed by the Company. This restriction also applies to assisting any subsequent employer or other third party.

  ii. Take any actions to assist Employee's successor employer or any other entity in recruiting any other employee who works for or is affiliated with the Company. This includes, but is not limited to: (a) identifying to such successor employer or its agents or such other entity the person or persons who have special knowledge concerning the Company's processes, methods or confidential affairs; and (b) commenting to the successor employer or its agents or such other entity about the quantity of work, quality of work, special knowledge, or personal characteristics of any person who is still employed at the Company. Employee also agrees that Employee will notify any prospective employer during interviews preceding potential employment of the obligations of this Agreement.

 C. Employee acknowledges that the restrictions on his/her activities contained in this Agreement are reasonable and necessary to protect the legitimate interests of the Company because of the knowledge and information, training and expertise which the Employee will obtain while he has been retained or is employed by the Company.

**3.** **Removal of Property**

MARY GIULIANI CATERING & EVENTS
135 W 20th ST, STE 600, NEW YORK CITY, 10011
212.725.1658

Unless expressly authorized by the Company in writing, Employee shall not remove from the Company's premises, or permit the removal of, any equipment, documents, software, programs, computer discs or other data compilations (both originals and copies) which constitute or contain Confidential Information unless required in the ordinary course of business provided that such Confidential Information is returned as soon as possible.

**4.      Return of Company Documents**

Employee agrees that upon the termination of his employment with the Company, he will immediately return any documents belonging to the Company without retaining copies of those documents, and he will return any computer belonging to the Company and any discs, floppy discs, zip drives or other electronic devices containing any information recorded or maintained on such devices as he used for the business of the Company.

**5.      Irreparable Harm**

Employee acknowledges that compliance with this Agreement is necessary to protect the business and goodwill of the Company and that a breach of this Agreement will irreparably and continually damage the Company. Employee further acknowledges that money damages will not be adequate to remedy a breach of this Agreement. Consequently, in the event Employee breaches or threatens to breach any of the promises contained herein, the Company shall be entitled to both: (a) preliminary and permanent injunctions (without any bond or any other security being required) in order to enjoin such actual or threatened breaches; and (b) money damages insofar as they can be determined. As an element of money damages for the period of time during which Employee violates his promises contained in this Agreement, the Company shall be entitled to recover the amount of fees, compensation or other remuneration earned by Employee, if any, as a result of any such breach. In addition, if the Company commences legal action to enforce the terms of this Agreement and prevails, it shall be entitled to be reimbursed for the reasonable costs and attorneys' fees incurred. Nothing in this Agreement, however, shall be construed to prohibit the Company from pursuing any other remedy that may be available.

**6.      Waiver.**

The waiver by the Company of a breach of any of the provisions of this Agreement committed by Employee on one or more occasions shall not operate or be construed as a waiver of any subsequent breach by Employee.

**7.      Separate and Distinct Covenants/Blue Pencil**

If any provision, paragraph, or subparagraph of this Agreement is adjudged by any court to be void or unenforceable in whole or in part, such adjudication shall not affect the validity of the remainder of the Agreement, including any other provision, paragraph, or subparagraph. Each provision, paragraph and subparagraph of this Agreement is separable from every other provision, paragraph, and subparagraph, and constitutes a separate and distinct covenant.

If, at the time of enforcement of any of the provisions of this Agreement, a court holds that the restrictions stated herein are unreasonable under the circumstances then existing, Employee agrees that the maximum period, scope or geographical area reasonable under the circumstances will be substituted for the stated period, scope or area.

**8.       At Will Employment**

Employee acknowledges and agrees that his employment with the Company is at will and that either he, or the Company, can terminate his employment at any time for any reason.

**9.       Applicable Law and Jurisdiction.**

This Agreement shall be governed by, and construed in accordance with New York law without reference to any conflict of laws principles or rules.

**10.      Arbitration.**

Employee agrees to arbitrate before a neutral arbitrator any and all controversies, disagreements, disputes, or claims arising from or relating to his/her employment with the Company, or the termination of that employment, including claims against any current or former agent or employee of the Company whether arising under a tort, statute, regulations, or ordinance now in existence or which may in the future be enacted or recognized, including without limitation claims for employment discrimination under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the Americans with Disabilities Act, the Employee Retirement Income Securities Act, the Racketeer Influenced and Corrupt Practices Act, the Fair Labor Standards Act, or any other federal, state, or local law or regulation concerning any part of the employment relationship except any dispute or claim that has been expressly excluded from arbitration by statute.  Arbitrations shall be final and binding in accordance with the final and binding arbitration procedure provided for below. Arbitration may be compelled under the Federal Arbitration Act, 9 U.S.C. § 1 et seq. Notwithstanding the foregoing, either party may petition a court of appropriate jurisdiction for injunctive relief in which irreparable harm is claimed.  The court shall only assert jurisdiction over the matter for purposes of considering either party's request for injunctive relief.

All matters to be arbitrated under this Agreement shall be processed in accordance with the National Rules for the Resolution of Employment Disputes of the American Arbitration Association (AAA), as those rules and regulations may from time to time be amended.  It is understood that a copy of the AAA National Rules for the Resolution of Employment Disputes is available by contacting the AAA to request its Employment Dispute Resolution Rules at 1633 Broadway, New York, New York 10019, telephone number (212) 716-5870 or at www.adr.org.  The matter shall take place before a single arbitrator in New York.  If for any reason, AAA is unable to offer its administrative services for this arbitration, the parties shall mutually agree upon their own single arbitrator who shall comply substantially with AAA rules.

Nothing in this Agreement prohibits the filing of a charge or complaint with a federal, state, or local administrative agency charged with overseeing any applicable federal, state, or municipal law or regulation or participating in an investigation by any such administrative agency provided that Employee waives his/her right to recover any monies by such investigation.

**11.     Construction.**

The language of all parts of this Agreement shall in all cases be construed as whole according to its fair meaning, and not strictly for or against any of the parties, regardless of who drafted it.

**12.     Entire Agreement.**

This Agreement represents the entire agreement of the parties on the subject matter hereof and supersedes all prior agreements or understandings, both oral and written. This Agreement may only be changed or amended by an agreement in writing, signed by the party against whom enforcement of any waiver, change, modification, extension or discharge is sought.

**I HAVE READ THIS AGREEMENT CAREFULLY AND I UNDERSTAND AND ACCEPT THE OBLIGATIONS THAT IT IMPOSES UPON ME WITHOUT RESERVATION. NO PROMISES OR REPRESENTATIONS HAVE BEEN MADE TO ME TO INDUCE OR OTHERWISE INFLUENCE ME TO SIGN THIS AGREEMENT. I SIGN THIS AGREEMENT VOLUNTARILY AND FREELY, IN DUPLICATE, WITH THE UNDERSTANDING THAT ONE COUNTERPART WILL BE RETAINED BY THE COMPANY AND THE OTHER COUNTERPART WILL BE RETAINED BY ME. I UNDERSTAND THAT WE ARE WAIVING ALL RIGHTS TO A TRIAL OR HEARING BEFORE A COURT OR JURY OR GOVERNMENT AGENCY AS TO ANY ARBITRABLE CLAIM.**

MARY GIULIANI CATERING & EVENTS

By:_____        *[signature: Jenna Hoffmann]*

   Name:                                    Employee

   Title:

Date: _____         Date: 6/14/2021