UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JENNA HOFFMANN,

       Plaintiff,

       -against-

MARY GIULIANI CATERING & EVENTS, INC.,
MARY GIULIANI, LLC, and
MARY GIULIANI

       Defendants.

**ANSWER, DEFENSES,
AND COUNTERCLAIM**

Case No.: 1:24-cv-05910

Defendants Mary Giuliani Catering & Events ("MGCE") and Mary Guiliani ("Giuliani LLC") and Mary Giuliani ("Ms. Giuliani") (collectively, "Defendants"), by their attorneys, Bond, Schoeneck & King, PLLC, set forth the following as and for their Answer and Defenses and to the Amended Complaint ("Complaint") of plaintiff Jenna Hoffmann, as follows:

1.     With respect to Paragraph 1, Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations therein and therefore deny them.

2.     With respect to Paragraph 2, Defendants ADMIT the allegations contained therein.

3.     With respect to Paragraph 3, Defendants ADMIT the allegations alleged contained therein.

4.     With respect to Paragraph 4,  Defendants DENY the allegations contained therein and state that no response is required regarding Plaintiff's legal conclusions.

5.     With respect to Paragraph 5, Defendants ADMIT the allegations alleged contained therein.

6. With respect to Paragraph 6, Defendants DENY Giuliani LLC was an employer during any relevant time period involved in the Complaint, deny the remaining allegations and state that no response is required regarding Plaintiff's legal conclusions.

7. With respect to Paragraph 7, Defendants ADMIT the allegations contained therein.

8. With respect to Paragraph 8, Defendants DENY the allegations contained therein.

## JURISDICTION AND VENUE

9. With respect to Paragraph 9, Defendants DENY the allegations contained therein and state that no response is required regarding Plaintiff's legal conclusions.

10. With respect to Paragraph 10, Defendants DENY the allegations contained therein and state that no response is required regarding Plaintiff's legal conclusions.

11. With respect to Paragraph 11, Defendants ADMIT the allegations contained therein.

## STATEMENT OF FACTS

**I.** **Background**

12. With respect to Paragraph 12, Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations therein and therefore deny them.

13. With respect to Paragraph 13, Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations therein and therefore deny them.

14. With respect to Paragraph 14, Defendants ADMIT that Ms. Giuliani is the owner and founder of MGCE and that she and Plaintiff first met after a referral from a third party, but DENY the remaining allegations contained therein.

18251926.v4-9/5/24

15.     With respect to Paragraph 15, Defendants DENY the allegations contained therein.

16.     With respect to Paragraph 16, Defendants ADMIT that MGCE is a catering entity and has many clients and DENIES the remaining allegations contained therein.

17.     With respect to Paragraph 17, Defendants DENY the allegations contained therein.

18.     With respect to Paragraph 18, Defendants DENY the allegations contained therein.

19.     With respect to Paragraph 19, Defendants DENY the allegations contained therein.

20.     With respect to Paragraph 20, Defendants DENY the allegations contained therein.

21.     With respect to Paragraph 21, Defendants DENY the allegations contained therein.

22.     With respect to Paragraph 22, Defendants ADMIT Plaintiff was offered a position as an event producer, but DENY the remaining allegations contained therein.

## II.     **Start of Employment**

23.     With respect to Paragraph 23, Defendants ADMIT the allegations contained therein.

24.     With respect to Paragraph 24, Defendants DENY the allegations contained therein.

25.     With respect to Paragraph 25, Defendants DENY the allegations contained therein.

26.     With respect to Paragraph 26, Defendants DENY the allegations contained therein.

27.     With respect to Paragraph 27, Defendants DENY the allegations contained therein.

28.     With respect to Paragraph 28, Defendants ADMIT that Plaintiff was asked to use her personal laptop, but DENY the remaining allegations contained therein.

29.     With respect to Paragraph 29, Defendants DENY the  allegations contained therein.

30.     With respect to Paragraph 30, Defendants DENY the allegations contained therein, except ADMIT that Plaintiff was given some positive encouragement and coached on how to improve her performance.

18251926.v4-9/5/24

31.     With respect to Paragraph 31, Defendants DENY the allegations contained therein.

32.     With respect to Paragraph 32, Defendants DENY the allegations contained therein, except ADMIT that Plaintiff performed a de minimis amount of work on the weekend answering emails and working 1-2 weekends events.

33.     With respect to Paragraph 33, Defendants DENY the allegations contained therein.

34.     With respect to Paragraph 34, Defendants DENY the allegations contained therein.

35.     With respect to Paragraph 35, Defendants ADMIT that all employees of MCGE performed various tasks as needed to provide services and DENY the remaining allegations contained therein.

36.     With respect to Paragraph 36, Defendants DENY the allegations contained therein.

37.     With respect to Paragraph 37, Defendants DENY the allegations contained therein.

38.     With respect to Paragraph 38, Defendants DENY the allegations contained therein.

### III.  Untrue Allegations of Racial Slurs and Antisemitic Comments

39.     With respect to Paragraph 39, Defendants DENY the allegations contained therein.

40.     With respect to Paragraph 40, Defendants LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as the truth of the allegations contained therein.

41.     With respect to Paragraph 41, Defendants DENY the allegations contained therein.

42.     With respect to Paragraph 42, Defendants DENY the allegations contained therein.

43.     With respect to Paragraph 43, Defendants DENY the allegations contained therein.

44.     With respect to Paragraph 44, Defendants DENY the allegations contained therein.

45.     With respect to Paragraph 45, Defendants DENY the allegations contained therein.

46.     With respect to Paragraph 46, Defendants DENY the allegations contained therein.

47.     With respect to Paragraph 47, Defendants DENY the allegations contained therein.

18251926.v4-9/5/24

48.    With respect to Paragraph 48, Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained therein and therefore DENY them.

49.    With respect to Paragraph 49, Defendants DENY the allegations contained therein.

50.    With respect to Paragraph 50, Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to whether Plaintiff increased her therapy sessions and DENY the remaining allegations contained therein.

51.    With respect to Paragraph 51, Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained therein and therefore DENY them.

52.    With respect to Paragraph 52, Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained therein and therefore DENY them.

53.    With respect to Paragraph 53, Defendants DENY the allegations contained therein.

54.    With respect to Paragraph 54, Defendants ADMIT there were meetings to criticize Plaintiff for her work performance, but DENY the remaining allegations contained therein.

55.    With respect to Paragraph 55, Defendants ADMIT there was criticism of Plaintiff's work performance and DENY the remaining allegations contained therein.

56.    With respect to Paragraph 56, Defendants ADMIT there was an employee handbook and Plaintiff was referred to Human Resources at some point, but DENY any remaining allegations of the paragraph.

57.    With respect to Paragraph 57, Defendants DENY the allegations contained therein.

58.    With respect to Paragraph 58, Defendants DENY the allegations contained therein.

18251926.v4-9/5/24

59. With respect to Paragraph 59, Defendants DENY the allegations contained therein.

60. With respect to Paragraph 60, Defendants DENY the allegations contained therein.

61. With respect to Paragraph 61, Defendants DENY the allegations contained therein.

62. With respect to Paragraph 62, Defendants DENY the allegations contained therein.

## IV. **Alleged Protected Activity**

63. With respect to Paragraph 63, Defendants DENY the allegations contained therein.

64. With respect to Paragraph 64, Defendants DENY the allegations contained therein.

65. With respect to Paragraph 65, Defendants DENY the allegations contained therein.

66. With respect to Paragraph 66, Defendants DENY the allegations contained therein.

67. With respect to Paragraph 67, Defendants DENY the allegations contained therein.

68. With respect to Paragraph 68, Defendants DENY the allegations contained therein.

69. With respect to Paragraph 69, Defendants DENY the allegations contained therein.

70. With respect to Paragraph 70, Defendants DENY the allegations contained therein.

71. With respect to Paragraph 71, Defendants ADMIT she suggested Plaintiff stop working, but DENY the remaining allegations contained therein.

72. With respect to Paragraph 72, Defendants ADMIT that Ms. Guiliani asked Plaintiff if she wanted to have two weeks (paid).

## V. **Alleged Retaliation**

73. With respect to Paragraph 73, Defendant DENIES the allegations contained therein, except ADMITS Plaintiff was terminated by letter dated August 5, 2021.

74. With respect to Paragraph 74, Defendant ADMITS Plaintiff was terminated by letter dated August 5, 2021, and Defendants refer to the actual contents of the letter to determine what it provides.

18251926.v4-9/5/24

75.     With respect to Paragraph 75, Defendant DENIES the allegations contained therein.

76.     With respect to Paragraph 76, Defendant DENIES the allegations contained therein.

77.     With respect to Paragraph 77, Defendant ADMITS that Plaintiff posted images to her personal website without authorization and falsely representing they were her creative works. and DENIES the remaining allegations contained therein.

78.     With respect to Paragraph 78, Defendant ADMITS that Plaintiff received a letter dated August 5, 2021, for the actual content of the letter, Defendant refers Plaintiff to the letter.

79.     With respect to Paragraph 79, Defendant DENIES the allegations contained therein.

80.     With respect to Paragraph 80, Defendant DENIES the allegations contained therein.

81.     With respect to Paragraph 81, Defendant LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained therein and therefore DENY them.

82.     With respect to Paragraph 82, Defendant DENIES the allegations contained therein.

83.     With respect to Paragraph 83, Defendant DENIES the allegations contained therein.

84.     With respect to Paragraph 84, Defendant states it has no obligation to respond to legal conclusions.

### WITH RESPECT TO THE  FIRST CAUSE OF ACTION
### Violation of 42 USC Section 1981
### Retaliation

85.      In response to Paragraph 85, Defendants repeat and reallege their responses to Paragraphs 1 to 84 of this Answer as if fully set forth herein.

86.     With respect to Paragraph 86, Defendants DENY the allegations contained therein.

87.     With respect to Paragraph 87, Defendants DENY the allegations contained therein.

88.     With respect to Paragraph 88, Defendants DENY the allegations contained therein.

89.     With respect to paragraph 89, Defendants DENY the allegations contained therein.

18251926.v4-9/5/24

90.     With respect to paragraph 90, Defendants DENY the allegations contained therein.

**WITH RESPECT TO THE SECOND CAUSE OF ACTION**
**Violation of New York State Human Rights Law**
**NY Executive Law 20 et seq.**
**Retaliation**

91.     In response to Paragraph 91, Defendants repeat and reallege their responses to Paragraph 1-90 of this Answer as though fully set forth herein.

92.     With respect to Paragraph 92, Defendants DENY the allegations contained therein.

93.     With respect to Paragraph 93, Defendants DENY the allegations contained therein.

94.     With respect to Paragraph 94, Defendants DENY the allegations contained therein.

95.     With respect to Paragraph 95, Defendants DENY the allegations contained therein.

96.     With respect to Paragraph 96, Defendants DENY the allegations contained therein.

97.     With respect to Paragraph 97, Defendants DENY the allegations contained therein.

**WITH RESPECT TO THE THIRD CAUSE OF ACTION**
**Violation of the New York City Human Rights Law**
**NYC Admin. Code 8-101 et seq.**
**Retaliation**

98.     In response to Paragraph 98, Defendants repeat and reallege their responses to Paragraph 1-97 of this Answer as though fully set forth herein.

99.     With respect to Paragraph 99, Defendants DENY the allegations contained therein.

100.    With respect to Paragraph 100, Defendants DENY the allegations contained therein.

101.    With respect to Paragraph 101, Defendants DENY the allegations contained therein.

102.    With respect to Paragraph 102, Defendants DENY the allegations contained therein.

18251926.v4-9/5/24

103.     With respect to Paragraph 103, Defendants DENY the allegations contained therein.

104.     With respect to Paragraph 104, Defendants DENY the allegations contained therein.

## <u>WITH RESPECT TO THE FOURTH CAUSE OF ACTION</u>
### Violation of 42 USC Section 1981
### Discrimination

105.     In response to Paragraph 105, Defendants repeat and reallege their responses in paragraphs 1-104 in this Answer as though they were fully set forth herein.

106.     With respect to Paragraph 106, Defendants LACK KNOWLEDGE OR INFORMATION SUFFICIENT to form a belief as to exactly the identity of the persons the allegation is made against.

107.     With respect to Paragraph 107, Defendants DENY the allegations contained therein.

108.     With respect to Paragraph 108, Defendants DENY the allegations contained therein.

109.     With respect to Paragraph 109, Defendants DENY the allegations contained therein.

110.     With respect to Paragraph 110, Defendants DENY the allegations contained therein.

111.     With respect to Paragraph 111, Defendants DENY the allegations contained therein.

18251926.v4-9/5/24

## WITH RESPECT TO THE FIFTH CAUSE OF ACTION
### Violation of the NYSHRL
### NY exec. Law 290 et seq.
### Discrimination

112.     In response to Paragraph 112, Defendants repeat and reallege the responses in paragraph 1-111 in this Answer as though fully set forth herein.

113.     With respect to Paragraph 113, Defendants LACK KNOWLEDGE OR INFORMATION SUFFICIENT to form a belief as to these allegations and therefore denies them.

114.     With respect to paragraph 114, Defendants LACK KNOWLEDGE OR INFORMATION SUFFICIENT to form a belief as to the truth of these allegations and therefore denies them.

115.     With respect to Paragraph 115, Defendants DENY the allegations contained therein.

116.     With respect to Paragraph 116, Defendants DENY the allegations contained therein.

117.     With respect to Paragraph 117, Defendants DENY the allegations contained therein.

118.     With respect to Paragraph 118, Defendants DENY the allegations contained therein.

119.     With respect to Paragraph 119, Defendants DENY the allegations contained therein.

## WITH RESPECT TO THE SIXTH CAUSE OF ACTION
### Violation of the NY City Human Rights Law
### NYC Admin. Code 8-101 et seq.
### Discrimination

120.     In response to Paragraph 120, Defendants repeat and reallege the responses in Paragraphs 1-119 in this Answer as though they are fully set forth herein.

121.    With respect to paragraph 121, Defendants LACK KNOWLEDGE OR INFORMATION SUFFICIENT to form a belief as to the truth of this allegation and therefore deny it.

122.    With respect to Paragraph 122, Defendants LACK KNOWLEDGE OR INFORMATION SUFFICIENT to form a belief as to the truth of this allegation and therefore deny it.

123.    With respect to Paragraph 123, Defendants DENY the allegations contained therein.

124.    With respect to Paragraph 124, Defendants DENY the allegations contained therein.

125.    With respect to Paragraph 125, Defendants DENY the allegations contained therein.

126.    With respect to Paragraph 126, Defendants DENY the allegations contained therein.

127.    With respect to Paragraph 127, Defendants DENY the allegations contained therein.

**WITH RESPECT TO THE SEVENTH CAUSE OF ACTION**
**Violation of the New York Labor Law**
**Unpaid Overtime Wages**

128.    In response to Paragraph 128, Defendants repeat and reallege the responses set forth in Paragraphs 1 through 127 of this Answer as though fully set forth herein.

129.    With respect to Paragraph 129, Defendants respectfully state that the terms of the statutes and regulations cited are set forth in the statutes and regulations themselves and Defendants have no obligation to respond to legal conclusions.

18251926.v4-9/5/24

130. With respect to Paragraph 130, Defendants DENY the allegations contained therein.

131. With respect to Paragraph 131, Defendants DENY the allegations contained therein.

132. With respect to Paragraph 132, Defendants DENY the allegations contained therein.

133. With respect to Paragraph 133, Defendants DENY the allegations contained therein.

134. With respect to Paragraph 134, Defendants DENY the allegations contained therein.

135. With respect to Paragraph 135, Defendants DENY the allegations contained therein.

136. With respect to Paragraph 136, Defendants DENY the allegations contained therein.

137. With respect to Paragraph 137, Defendants DENY the allegations contained therein.

138. With respect to Paragraph 138, Defendants DENY the allegations contained therein.

139. With respect to Paragraph 139, Defendants DENY the allegations contained therein.

## JURY DEMAND

140. With respect to Paragraph 140, Defendants DENY Plaintiff has a right to a jury trial on all issues raised.

18251926.v4-9/5/24

## FIRST DEFENSE

85.  Plaintiff's claims are barred, in whole or in part, because the Complaint fails to state a claim, in whole or in part, upon which relief may be granted.

## SECOND DEFENSE

86.  Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, laches, or unclean hands.

## THIRD DEFENSE

87.  Plaintiff's claims for damages should be denied or reduced due to Plaintiff's failure to mitigate her damages in whole or in part.

## FOURTH DEFENSE

88.  Plaintiff's claims are barred, in whole or in part, because Defendants breached no duty owed to Plaintiff under federal, state, or local law.

## FIFTH DEFENSE

89.  Plaintiff's claims are barred, in whole or in part, because any losses suffered by Plaintiff were not as a consequence of, or in reliance upon, any acts or omissions of Defendants.

## SIXTH DEFENSE

90.  In the event Plaintiff is otherwise entitled to an award of damages against Defendants, that award must be barred or reduced if additional investigation uncovers wrongful conduct and money owed to Defendants.

## SEVENTH DEFENSE

91.  Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff failed to exhaust any administrative prerequisites or other procedural conditions to the commencement of an action.

18251926.v4-9/5/24

## EIGHTH DEFENSE

92.     Plaintiff's claims are barred, in whole or in part, because at all times relevant to this action, the employment decisions at issue were made by Defendants for legitimate, non-discriminatory and non-retaliatory business reasons and were undertaken in good faith and in compliance with all applicable laws.

## NINTH DEFENSE

93.     Plaintiff's claims are barred, in whole or in part, because Defendants exercised reasonable care to prevent and correct promptly any allegedly unlawful discriminatory and/or harassing conduct by promulgating and enforcing policies against discrimination, harassment, and retaliation, which the Plaintiff received, read and understood, and Plaintiff unreasonably failed to take advantage of available preventative or corrective opportunities to avoid the alleged harm.

## TENTH DEFENSE

94.     Plaintiff's claims are barred, in whole or in part, because the same actor(s) accused of discrimination, harassment, and retaliation hired  Plaintiff.

## ELEVENTH DEFENSE

95.     Plaintiff's punitive damages claim is barred because Defendants at no time engaged in discriminatory practices or actions intentionally, with malice, and/or with reckless disregard to Plaintiff's or other employees' statutory rights.

## TWELFTH DEFENSE

96.     Plaintiff's claims are barred, in whole or in part, because Defendants never encouraged, condoned, or approved, any discriminatory conduct by any  employees.

18251926.v4-9/5/24

## THIRTEENTH DEFENSE

97.     Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

## FOURTEENTH DEFENSE

98.     Plaintiff's claims are barred, in whole or in part, because the Complaint alleges conduct by non-supervisory employees of which Defendants were not aware and should not have been aware.

## FIFTEENTH DEFENSE

99.     Plaintiff's claims of discrimination that although not Jewish, she was "regarded as Jewish" are barred as being "regarded as Jewish" is not a protected category.

## SIXTEENTH DEFENSE

100.    Plaintiff's claims of associational discrimination are barred, in whole or in part, since Defendants did not have any notice or knowledge of Plaintiff's alleged association.

## SEVENTEENTH DEFENSE

101.    Plaintiff's claims of disability discrimination are barred, in whole or in part, since Defendants did not have any notice or knowledge of Plaintiff's alleged disabilities.

## EIGHTEENTH DEFENSE

102.    Plaintiff's retaliation claims are barred, in whole or in part, because the actions Plaintiff alleges she engaged in to oppose discrimination were not undertaken in good faith and therefore do not constitute protective activity.

## NINTEENTH DEFENSE

103.    Plaintiff's claims are barred, in whole or in part, because she was properly classified as exempt from overtime requirements under the state laws that purportedly serve as a basis for

18251926.v4-9/5/24

the claims alleged in the Complaint, including but not limited to as a bona fide executive and/or administrative persons. At all times relevant hereto, Plaintiff was properly, completely, and timely paid all wages and other compensation owed and legally required under the New York Labor Law and all supporting regulations, and all other applicable laws, rules, and regulations.

## TWENTIETH DEFENSE

104.    Plaintiff may not recover liquidated damages because (i) Defendants acted reasonably in good faith, had reasonable grounds for believing their acts were not in violation of the New York Labor Law and did not commit any willful violation of any provisions of the New York Labor Law; (ii) Defendants did not authorize or ratify any willful violation with respect to Plaintiff; and (iii) Plaintiff has failed to plead facts sufficient to support the recovery of such damages.

## TWENTY-FIRST DEFENSE

105.    Plaintiff's claims are barred to the extent that the alleged violations of law are excused, exempted, or justified under the statutes or regulations under which Plaintiff has sued, including, without limitation, Plaintiff's purported New York Labor Law claims which are barred since Plaintiff qualified as an exempt employee.

## TWENTY-SECOND DEFENSE

106.    Defendants acted in a good faith belief that it was in compliance with all applicable provisions of the New York Labor Law.

## TWENTY-THIRD DEFENSE

107.    To the extent that Plaintiff performed work for which she was not compensated, such time was *de minimis*.

18251926.v4-9/5/24

## TWENTY-FOURTH DEFENSE

108.    Plaintiff's claims are barred, in whole or in part, as Plaintiff is party to a valid arbitration agreement and such claims must be brought pursuant to that agreement outside of court.

## AS AND FOR COUNTERCLAIMS OF DEFENDANTS AGAINST PLAINTIFF JENNA HOFFMAN

109.    This Court has jurisdiction pursuant to Federal Rule of Civil Procedure 13.

110.    On or about June 14, 2021, MGCE hired Plaintiff as an Event Producer.

111.    As a condition of her employment, on June 14, 2021, Plaintiff executed the Confidentiality Agreement and Restrictive Covenant (the "Agreement").

112.    Paragraph 10 of the Agreement provides:

Employee agrees to arbitrate before a neutral arbitrator any and all controversies, disagreements, disputes, or claims arising from or relating to his/her employment with the Company, or the termination of that employment, including claims against any current or former agent or employee of the Company whether arising under a tort, statute, regulations, or ordinance now in existence or which may in the future be enacted or recognized, including without limitation claims for employment discrimination under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the Americans with Disabilities Act, the Employee Retirement Income Securities Act, the Racketeer Influenced and Corrupt Practices Act, the Fair Labor Standards Act, or any other federal, state, or local law or regulation concerning any part of the employment relationship except any dispute or claim that has been expressly excluded from arbitration by statute. Arbitrations shall be final and binding in accordance with the final and binding arbitration procedure provided for below. Arbitration may be compelled under the Federal Arbitration Act, 9 U.S.C. § 1 et seq. Notwithstanding the foregoing, either party may petition a court of appropriate jurisdiction for injunctive relief in which irreparable harm is claimed. The court shall only assert jurisdiction over the matter for purposes of considering either party's request for injunctive relief.

All matters to be arbitrated under this Agreement shall be processed in accordance with the National Rules for the Resolution of Employment Disputes of the American Arbitration Association (AAA), as those rules and regulations may from time to time be amended. It is understood that a copy of the AAA National Rules for the Resolution of Employment Disputes is available by contacting the AAA to request its Employment Dispute Resolution Rules at 1633 Broadway, New York, New York 10019, telephone number (212) 716-5870 or at www.adr.org. The matter shall take place before a single arbitrator in New York. If for any reason, AAA is

unable to offer its administrative services for this arbitration, the parties shall mutually agree upon their own single arbitrator who shall comply substantially with AAA rules.

113.     Paragraph 5 of the Agreement provides:

Employee acknowledges that compliance with this Agreement is necessary to protect the business and goodwill of the Company and that a breach of this Agreement will irreparably and continually damage the Company. Employee further acknowledges that money damages will not be adequate to remedy a breach of this Agreement. Consequently, in the event Employee breaches or threatens to breach any of the promises contained herein, the Company shall be entitled to both: (a) preliminary and permanent injunctions (without any bond or any other security being required) in order to enjoin such actual or threatened breaches; and (b) money damages insofar as they can be determined. As an element of money damages for the period of time during which Employee violates his promises contained in this Agreement, the Company shall be entitled to recover the amount of fees, compensation or other remuneration earned by Employee, if any, as a result of any such breach. In addition, if the Company commences legal action to enforce the terms of this Agreement and prevails, it shall be entitled to be reimbursed for the reasonable costs and attorneys' fees incurred. Nothing in this Agreement, however, shall be construed to prohibit the Company from pursuing any other remedy that may be available.

114.     Despite signing the Agreement which contained a mandatory arbitration provision, on August 2, 2024, Plaintiff filed a Complaint in the United States District Court for the Southern District of New York alleging claims of discrimination and retaliation under Section 1981, the New York State Human Rights Law, and the New York City Human Rights Law, as well as a claim for unpaid overtime wages under the New York Labor Law. (ECF Doc. No. 1).

115.     All of Plaintiff's claims in her Complaint are subject to the mandatory arbitration provision that Plaintiff agreed to as a condition of her employment.

116.     On September 16, 2024, counsel for Defendants informed Plaintiff that she improperly filed her lawsuit and asked Plaintiff to abide by the Agreement which she had signed and file any of her claims with the American Arbitration Association. Counsel for Defendants provided Plaintiff with a copy of the Agreement with her signature.

18251926.v4-9/5/24

117.     On September 18, 2024, counsel for Plaintiff asserted that their client did not recall signing the Agreement and asked for the metadata of the document.

118.     On September 18, 2024, counsel for Defendants provided the requested metadata, as well as an email from Plaintiff dated June 14, 2021 attaching the executed Agreement and stated that she had signed the document in question.

119.     Counsel for Plaintiff did not respond to this email. Instead, Plaintiff filed a letter to the Court requesting a stay to file an Amended Complaint to add claims of sexual harassment. (ECF Doc. No. 15).

120.     Furthermore, on or about August 7, 2024, in violation of the Agreement, counsel for Plaintiff issued a press release to an unknown number of media outlets informing the members of the public, as to the false allegations of the publicly filed complaint in an effort to either secure a settlement and/or damage the business and goodwill of the Defendants.

### DEFENDANTS' FIRST CAUSE OF ACTION
**Breach of Contract**

121.     Defendants repeat and reallege all foregoing paragraphs as though fully set forth herein.

122.     On June 14, 2021, Plaintiff executed the Confidentiality Agreement and Restrictive Covenant (the "Agreement").

123.     Under the Agreement, Plaintiff was required to arbitrate "any and all controversies, disagreements, disputes, or claims arising from or relating to his/her employment with the Company, or the termination of that employment, including claims against any current or former agent or employee of the Company…including without limitation claims for employment discrimination…or any other federal, state, or local law or regulation concerning any part of the employment relationship."

18251926.v4-9/5/24

124. By filing her claims in this Court and distributing a press release to an unknown number of media outlets and other recipients describing that Complaint, Plaintiff breached and continues to breach the Agreement.

125. Plaintiff's breach has resulted in detrimental harm to Defendants, as well as an unjust benefit to Plaintiff, in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendants request the following relief:

1. Dismissal of the complaint and the relief requested in its entirety;

2. A preliminary and permanent injunction enjoining Plaintiff from bringing these claims in Federal Court;

3. Money damages insofar as they can be determined;

4. Attorneys' fees and costs; and

5. Such other and further relief as the Court deems proper.

18251926.v4-9/5/24

Dated: September 27, 2024                      BOND, SCHOENECK & KING, PLLC

By:   /s/ Louis P. DiLorenzo
Louis P. DiLorenzo
Mallory A. Campbell
*Attorneys for Defendants*
600 Third Avenue, 22nd Floor
New York, New York 10016
(646) 253-2300
dilorel@bsk.com
mcampbell@bsk.com

TO:    Chloe Liederman
       Edward (E.E.) Keenan
       KEENAN & BHATIA, LLC
       233 Broadway, Suite 1810
       New York, NY 10279
       Tel: (212) 470-2560
       chloe@keenanfirm.com
       ee@keenanfirm.com

       *Attorneys for Plaintiff Jenna Hoffmann*

18251926.v4-9/5/24