UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JENNA HOFFMAN,

                         Plaintiff,

     -against-

MARY GIULIANI CATERING & EVENTS, INC., MARY GIULIANI, LLC, and MARY GIULIANI,

                      Defendants.

Case No. 1:24-cv-05910

---

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL ARBITRATION, DISMISS PLAINTIFF'S SEXUAL HARASSMENT CLAIMS, AND FOR ATTORNEYS' FEES AND COSTS AND/OR SANCTIONS**

---

# BOND, SCHOENECK & KING, PLLC

By:  Louis P. DiLorenzo, Esq.
       Mallory A. Campbell, Esq.
*Attorneys for Defendants*
600 Third Avenue
New York, New York 10016-1915
Email address: dilorenzol@bsk.com
Telephone: 646-253-2300
Facsimile: 646-253-2301

Dated: December 20, 2024

## PRELIMINARY STATEMENT

This Reply Memorandum of Law is submitted by Defendants Mary Giuliani Catering & Events, Inc. ("MGCE"), Mary Giuliani, Inc., and Mary Giuliani ("Ms. Giuliani) (collectively, "Defendants"), by and through their attorneys, Bond, Schoeneck & King, PLLC, in further support of their Motion to Compel Arbitration, to Dismiss the Sexual Harassment Claims in the Amended Complaint of Plaintiff Jenna Hoffman ("Plaintiff") filed on October 7, 2024 (ECF Doc. No. 20) as time-barred, and for attorneys' fees and costs and/or sanctions.

## PROCEDURAL HISTORY

As explained in Defendants' moving papers, Plaintiff filed her Complaint in this action on August 2, 2024. (ECF Doc. No. 1). Prior to Defendants filing their Answer, Defendants informed Plaintiff of her execution of an arbitration agreement and asked for Plaintiff to abide by this Agreement. After two days without a response, Defendants filed their letter for a pre-motion conference with respect to the anticipated Motion to Compel Arbitration. (ECF Doc. No. 14). After filing the letter, Plaintiff requested the metadata for the signed Agreement as she claimed not to recall signing it. Defendants promptly provided the metadata, as well as an email dated June 14, 2021 from Plaintiff to MCGE attaching the signed agreement.

Plaintiff did not respond to the requested metadata. Instead, on September 20, 2024, Plaintiff filed her response to Defendants' letter motion and requested a stay because she intended to file an Amended Complaint to include a claim for sexual harassment. (ECF Doc. No. 15).

Defendants' underlying letter explained that the Ending Force Arbitration of Sexual Assault and Sexual Harassment Act of 2021 ("EFAA") is not applicable even if Plaintiff had claims of sexual harassment since it only applies to disputes or claims that arise after March 3, 2022 and Plaintiff's employment ended seven months prior. (ECF Doc. No. 14). Plaintiff's letter,

however, blatantly ignored the caselaw and somehow claimed the EFAA required that sexual harassment allegations occurring in 2021, months prior to the effective date of the EFAA, somehow prohibits the application of Plaintiff's pervious agreement to submit the dispute to arbitration.

On September 26, 2024, before filing an Answer to Plaintiff's Complaint, Defendants requested clarification on whether they needed to respond to Plaintiff's Complaint. (ECF Doc. No. 16). Defendants' deadline to respond was the next day, September 27, 2024, and both Parties had requested a stay. Defendants did not receive a response and not wanting to miss their deadline to respond to the Complaint, filed their Answer to Plaintiff's Complaint (ECF Doc. No. 18), which raised for the first time a counterclaim for breach of contract relating to Plaintiff's intentional breach of its agreement to submit these disputes to arbitration and sue in court.

On October 7, 2024, Plaintiff filed an Amended Complaint. (ECF Doc. No. 40).

## ARGUMENT

### POINT I

### DEFENDANTS' MOTION TO COMPEL ARBITRATION SHOULD BE GRANTED

Plaintiff does not dispute, nor can she, that the EFAA has an effective date of March 3, 2022 and that it does not have retroactive effect. (See Plf's Opp. at p. 4). Plaintiff's sole argument in opposition is that Defendants' filing of a counterclaim for breach of contract constitutes a "retaliatory act that caused the case to re-accrue on the date the Counterclaim was filed." (See *id.*). However, Plaintiff's argument has no merit.

18850198.v3-12/20/24

### A. The Operative Complaint Contains No Allegation Regarding a Retaliatory Counterclaim

Plaintiff's Amended Complaint (ECF Doc. No. 20) is the operative complaint. In the Amended Complaint, the latest allegation is Plaintiff's termination, which occurred on or around August 4, 2021. Plaintiff's allegation that Defendants' counterclaim is retaliatory is only in Plaintiff's Opposition to Defendants' motion. Plaintiff cannot use her opposition to raise new claims or arguments. *See, Louis v. New York City Housing Auth.*, 152 F.Supp.3d 143, 158 (S.D.N.Y. 2016) ("plaintiffs cannot use their opposition to the motion to dismiss to raise new claims or arguments."); *Zhou v. Nextcure, Inc.*, 20-CV-07772-LTS-RWL, 2023 WL 4493541, at *9 (S.D.N.Y. July 12, 2023); *Crianza v. Holbrook Plastic Pipe Supply, Inc.*, 22-cv-07685 (HG), 2024 WL 216696, at *3 (E.D.N.Y. Jan. 19, 2024) ("Plaintiff is not permitted to amend her Complaint through facts provided for the first time in an opposition to a motion to dismiss"); *JBrick, LLC v. Chazak Kinder, Inc.*, No. 21-cv-2883, 2022 WL 17177854, at *4 n.3 (E.D.N.Y. Nov. 23, 2022) ("it is well-settled that a plaintiff cannot amend [her] complaint by asserting new facts or theories for the first time in opposition to a motion to dismiss."); *Conkling v. Brookhaven Science Assoc., LLC*, No. 10 CV 4164, 2012 WL 2160439, at *6 n. 6 (E.D.N.Y. June 12, 2012) (declining to consider claims raised in opposition to motion to dismiss regarding facts that allegedly occurred after amended complaint was filed).

Therefore, Plaintiff's argument must fail since the operative complaint does not allege any action past her termination on or about August 4, 2021 and Plaintiff is unable to amend her Amended Complaint through alleged facts or claims provided in her opposition.

**B. The Continuing Violations Doctrine Does Not Apply**

Even if Plaintiff could allege facts or make a claim that the counterclaim is retaliatory, the continuing violations doctrine does not apply. Plaintiff purports that the filing of the counterclaim caused the case to re-accrue on the date the counterclaim was filed. In support of this proposition, Plaintiff cites only one case that does not support her position. *See, Olivieri v. Stifel, Nicolaus & Co., Inc.*, 112 F.4th 74, 78 (2d Cir. 2024). The case cited by Plaintiff is completely distinguishable. All of the allegations in *Olivieri* occurred during the plaintiff's employment (some before and some after the effective date of the EFAA), there was no claim for a retaliatory counterclaim, and the claims in *Oliveri* did not involve distinct, discrete acts.

The continuing violations doctrine does not save Plaintiff's time-barred sexual harassment allegations, nor does it somehow cause the case to re-accrue and allow the EFAA to apply. The continuing violations doctrine "holds that 'if a plaintiff has experienced a continuous practice and policy of discrimination…the commencement of the statute of limitations period may be delayed until the last discriminatory act in furtherance of it.'" *Isbell v. City of New York*, 316 F.Supp.3d 571, 585 (S.D.N.Y. 2018) (quoting *Bermudez v. City of N.Y.*, 783 F.Supp.2d 560, 573 (S.D.N.Y. 2011)). The doctrine provides that if the conduct is a constant, connect stream of activity, along a continuum, then what matters is the last act in the continuum. However, "[d]iscrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify" and are "not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113-15 (2002); *see also, Bartman v. Shenker*, 786 N.Y.S.2d 696, 702 (N.Y. Sup. Ct. 2004) (applying *Morgan* to determine the application of the continuing violations doctrine to claims brought under the NYSHRL and NYCHRL). Here, Plaintiff claims that an event over three years after her termination is somehow a "continuing

violation." Instead, all of Plaintiff's allegations are discrete acts and therefore do not fall under the continuing violations doctrine.

### C. Defendants' Counterclaim is Not Retaliatory[1]

Even if Plaintiff's claim that the counterclaim is retaliatory could be considered in Plaintiff's Amended Complaint (it cannot) and could be considered a continuing violation and cause Plaintiff's claims to re-accrue (it cannot), Plaintiff's argument has no merit since the counterclaim is not retaliatory.

"The courts in this District have *repeatedly* held that '[a] compulsory counterclaim is not actionable for retaliation unless it is totally baseless.'" *Sherman v. Fivesky, LLC*, 2020 WL 5105164, at *6 (S.D.N.Y. Aug. 31, 2020) (quoting *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 474 (S.D.N.Y. 2008)). "The underlying principle is that the employer should not be required to forfeit a potentially meritorious claim against its employee simply because the employee has brought a claim against the employer." *Id.*; *see Grauer v. UBS Finan. Servs., Inc.*, 2008 WL 11398936, at *8 (S.D.N.Y. Dec. 17, 2008) ("[T]o hold otherwise would discourage employers with legitimate claims against employees alleging discrimination from bringing suit, because doing so would inevitably subject them to charges of unlawful retaliation."). Furthermore, Plaintiff proffers no evidence that the filing of a counterclaim was a result of any retaliatory intent other than the fact that the counterclaim was filed after Plaintiff filed suit. *Sherman*, 2020 WL

---

[1] Plaintiff claims "Defendants do not have a cause of action against Plaintiff for breach of an agreement to arbitrate. Rather, the remedy available to Defendants is to file a Motion to Compel Arbitration, as they have now done – not to file a counterclaim against Plaintiff for the alleged breach of an arbitration agreement, which they did first." (See Plf's Opp. at p. 5). As indicated, Defendant raised the issue of moving to compel first. The counterclaim was only filed when it did not hear from the Court and did not wish to answer without the counterclaim and risk Plaintiff claiming a compulsory counterclaim was waived. Since Plaintiff claims she does not have to comply with her arbitration agreement, has forced Defendants to incur damages from the breach, ignored the effective date of the statute, misconstrued the continuing violation doctrine, and concocted a sexual harassment claim three years later to try to circumvent their arbitration agreement, it is not far-fetched to believe they would claim the counterclaim was compulsory and therefore waived if it had not been raised in the answer.

5105164, at *7. Here, Plaintiff entered an agreement with the Defendant at the time of employment and a condition of her employment. Included in that agreement was an explicit promise by Plaintiff that if she ever sued the Defendants for the claims raised in the Complaint, she would not do so in court, only in arbitration. She broke that promise and thereby breached the contract. Defendants have the right to counterclaim for the denial of the benefit of their bargain. Bringing a discrimination lawsuit does not excuse the Plaintiff from performance of promises she previously made, nor deprive Defendants of their right to seek enforcement of those promises.

## POINT II

**PLAINTIFF'S SEXUAL HARASSMENT CLAIMS SHOULD BE DISMISSED**

### A. Plaintiff has Abandoned Any Federal Claims for Alleged Sexual Harassment

Plaintiff does not address Defendants' argument that there can be no federal sexual harassment claim as Plaintiff never filed a Charge of Discrimination with the Equal Employment Opportunity Commission or a local agency for sexual harassment or for any other discrimination or harassment. Therefore, Plaintiff has abandoned her federal claim for sexual harassment. *See, Fantozzi v. City of New York*, 343 F.R.D. 19 (S.D.N.Y. 2022) ("Courts may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed."); *Bonilla v. Smithfield Assocs. LLC*, No. 09-cv-1549, 2009 WL 4457304, at *4 (S.D.N.Y. Dec. 4, 2009) (dismissing claims "as a matter of law" as "effectively abandoned" where the defendant had raised three arguments for dismissal and plaintiff responded to only one in his opposition papers).

### B. Plaintiff's State and City Sexual Harassment Claims are Time-Barred

With respect to any state or city claims relating to the alleged sexually hostile environment, Plaintiff does not dispute that these claims must be brought within three years and that the sexual

6

harassment Plaintiff complains of occurred over three years ago. Plaintiff's argument regarding the timeliness of her state and city sexual harassment claims, never brought or even mentioned within the three-year statute of limitations, is not clear.

Plaintiff only addresses Defendants' argument that the relation back doctrine does not apply to Plaintiff's sexual harassment claims in a footnote. (See Plaintiff's Opp. at p. 4, fn. 1). When "arguments appear only in footnotes, they are not properly raised, and the Court is under no obligation to consider them." *Weslowski v. Zugibe*, 96 F.Supp.3d 308 (S.D.N.Y. 2015) (citing *United States v. Restrepo*, 986 F.2d 1462, 1463 (2d Cir. 1993)); *In re Crude Oil Commodity Litig.*, No. 06 Civ. 6677, 2007 WL 2589482, at *3 (S.D.N.Y. Sept. 7, 2007) ("Arguments which appear in footnote are generally deemed to have been waived."). However, it is unclear whether Plaintiff is even attempting to make an argument that the sexual harassment claims relate back.

Regardless, the relation-back doctrine is inapplicable here as it only applies to "subsequent conduct" where: "[1] the claim would fall within the reasonably expected scope of an EEOC investigation of the charges of discrimination; [2] it alleges retaliation for filing the EEOC charge; or [3] the plaintiff alleges further incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge." *Doolittle*, at *5 (quoting *Soules v. Conn., Dep't of Emergency Servs. & Pub. Prot.*, 882 F.3d 52, 57 (2d Cir. 2018)). Here, Plaintiff's claim of sexual harassment is not subsequent conduct, it is entirely different conduct, and does not render prior allegations more definite and precise.

In the event that Plaintiff claims the alleged retaliatory counterclaim causes her claims of sexual harassment to re-accrue or that the counterclaim is a continuing violation that causes her sexual harassment claim to re-accrue, such arguments fail as explained above.

7

## POINT III

## DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS AND/OR SANCTIONS

Plaintiff does not address Defendants' argument that Plaintiff's breach of the Agreement (See ECF Doc. No. 14-1) and Plaintiff's continuous and blatant disregard of the statute and case law is sanctionable behavior and warrants an imposition of sanctions and/or recovery of attorneys' fees and costs. What happened here is Plaintiff promised to bring these claims against these Defendants in arbitration. Instead, Plaintiff threatened harmful publicity absent a quick and favorable settlement and then publicized the wrongfully commenced lawsuit. When asked to submit to arbitration, Plaintiff challenged the existence of the agreement to arbitrate which she signed. When the metadata did not support that theory, Plaintiff doubled down on the breach by conveniently claiming she had been sexually harassed, but had never raised it in her original demand letter, demand emails, original federal complaint, press release or anywhere else.

As explained in Defendants' moving papers, Plaintiff continues to breach the Agreement by failing to abide by the provision requiring arbitration of these claims. This Agreement that Plaintiff signed also provides that MGCE is "entitled to be reimbursed for the reasonable costs and attorneys' fees incurred" to enforce the terms of this Agreement. Plaintiff does not dispute the terms of the Agreement, does not dispute she signed this Agreement, nor does she dispute that she should have brought her original Complaint in arbitration. The damages from the breach continue to accrue.

In addition to Plaintiff's continuous violation of the Agreement, Plaintiff's counsel continues to set forth frivolous arguments not supported in law. Under New York law, "the court, in its discretion may impose financial sanctions upon any party…who engages in frivolous conduct." *Asesores v. Consejeros Aconsec CIA v. Global Emerging Markets N. Am., Inc.*, 881

F.Supp.2d 554, 555 (S.D.N.Y. 2012). Conduct may be frivolous if: "(1) it is completely without merit in law and cannot serve as a reasonable argument to extend or modify existing law; (2) it is undertaken to delay or prolong litigation or harass or maliciously injure another; or (3) it asserts material factual statements that are false." *Id.* Plaintiff has set forth arguments on several occasions that are completely without merit and did not serve as a reasonable argument to extend or modify existing law. For example, prior to the filing of Defendants' counterclaim, Plaintiff claimed that the EFAA applied to Plaintiff's allegations of sexual harassment occurring in 2021, well prior to the effective date of the EFAA. This is despite the fact that Defendants had previously explained that the effective date of the EFAA is March 3, 2022 and that there is no retroactive effect. Plaintiff intentionally ignored the language in Defendants' pre-motion letter (ECF Doc. No. 14) as well as the explicit text in the very cases cited by Plaintiff in her response (ECF Doc. No. 15). Now, Plaintiff attempts to claim that the filing of a counterclaim somehow causes Plaintiff's sexual harassment claims to re-accrue such that the EFAA would apply. Plaintiff cites cases that are not even remotely similar to the situation here and Plaintiff's argument has no basis in the law.

## CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court grant their motion to compel arbitration, dismiss Plaintiff's sexual harassment claims, and grant Defendants' motion for attorneys' fees and costs and/or sanctions; together with such other and further relief as the Court deems just and proper.

9
18850198.v3-12/20/24

Dated: New York, New York
December 20, 2024

                                                BOND, SCHOENECK & KING, PLLC

By:       /s/

    Louis P. DiLorenzo, Esq.
    Mallory A. Campbell, Esq.
    *Attorneys for Defendants*
    600 Third Avenue, 22nd Floor
    New York, New York 10016-1915
    Email address: dilorenzol@bsk.com
    Telephone: 646-253-2300

10

18850198.v3-12/20/24