UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JENNA HOFFMANN,

Plaintiff,

-v-

MARY GIULIANI CATERING &
EVENTS, INC., *et al.*,

Defendants.

24-CV-5910 (JPO)

OPINION AND ORDER

---

J. PAUL OETKEN, District Judge:

Plaintiff Jenna Hoffmann brings this action against Defendants Mary Giuliani Catering &
Events, Inc. ("MGCE"), Mary Giuliani, LLC, and Mary Giuliani, asserting various claims of
employment discrimination, retaliation, and unpaid wages.  Before the Court is Defendants'
motion to compel arbitration, to dismiss Plaintiff's sexual harassment claims, and for attorney's
fees and/or sanctions.  For the reasons that follow, the motion to compel arbitration is granted,
and the remaining motions are denied.

## I.    Background

Hoffman worked for MGCE as an event producer from June 14, 2021 to August 4, 2021.
(ECF No. 20 ("Am. Compl.") ¶¶ 23, 97; *see also* ECF No. 28 ("Mem.") at 5.)  On June 14, 2021,
Hoffman executed a Confidentiality Agreement and Restrictive Covenant, which stated:
"Employee agrees to arbitrate before a neutral arbitrator any and all controversies,
disagreements, disputes, or claims arising from or relating to his/her employment with [MGCE],
or the termination of that employment . . . ."  (ECF No. 14-1 § 10.)

On August 2, 2024, Hoffman initiated this action under 42 U.S.C. § 1981, the New York
State Human Rights Law ("NYSHRL"), the New York City Human Rights Law ("NYCHRL"),
and the New York Labor Law, alleging employment discrimination on the basis of her Jewish

association and disabilities, retaliation for protected activities, and unpaid overtime wages.  (ECF No. 1 ¶¶ 85-139.)  On September 18, 2024, Defendants indicated their intent to move to compel arbitration.  (ECF No. 14.)  On September 27, 2024, Defendants filed an answer and asserted a counterclaim that Hoffman breached a mandatory arbitration agreement between the parties by filing this suit and issuing a press release.  (ECF No. 18 at 17-20.)

On October 7, 2024, Plaintiff filed an amended complaint, adding a hostile work environment claim based on allegations of sexual harassment during her employment.  (*See* Am. Compl. ¶¶ 40-62.)  Specifically, Hoffman alleges that at a July 2021 event, she was admonished by her supervisor for "dress[ing] modestly in loose-fitting casual slacks and a blouse" and felt pressured to "purchase[] tighter-fitting clothing to wear to future events."  (*Id.* ¶ 40; *see id.* ¶ 24.)  At another yacht event, Hoffman was allegedly "shocked to see the servers . . . clad only in skimpy, novelty-style lingerie" in stormy weather, and "horrified to see . . . guests stroking the servers' bodies and slapping their buttocks during the event."  (*Id.* ¶¶ 43-47.)  According to Hoffman, she raised her concerns to several managers, only to be dismissed.  (*Id.* ¶¶ 51-52.)  Hoffman further alleges that she "felt extremely uncomfortable with [] sexually explicit talk in the workplace," including by MGCE executives.  (*Id.* ¶¶ 57-58.)

On November 15, 2024, Defendants moved to compel arbitration (ECF No. 27) and filed a supporting memorandum of law (Mem.).  Plaintiff opposed the motion on December 13, 2024 (ECF No. 29 ("Opp.")), and Defendants replied on December 20, 2024 (ECF No. 30).

## II.    Legal Standard

The Federal Arbitration Act provides that an arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  "This provision establishes 'a liberal federal policy favoring arbitration agreements,'" and "requires courts to enforce agreements to arbitrate

according to their terms . . . even when the claims at issue are federal statutory claims."
*CompuCredit Corp. v. Greenwood*, 565 U.S. 95, 98 (2012).  Unless the parties consent to
dismissal, "the FAA mandate[s] a stay of proceedings when all of the claims in an action have
been referred to arbitration."  *Katz v. Cellco P'ship*, 794 F.3d 341, 347 (2d Cir. 2015).

## III.    Discussion

The parties do not dispute that an arbitration agreement exists and that the claims in this
case fall under its scope.  (*See* Mem. at 9; Opp. at 4-10.)  Plaintiff's sole argument is that the
Ending Forced Arbitration Act ("EFAA"), 9 U.S.C. § 402, prohibits enforcement of a mandatory
arbitration clause "in cases that include sexual harassment claims."  (Opp. at 4.)  It is true that the
EFAA provides that "no predispute arbitration agreement . . . shall be valid or enforceable with
respect to a case which is filed under Federal, Tribal, or State law and relates to . . . [a] sexual
harassment dispute."  9 U.S.C. § 402.  However, it is equally clear that "[b]y its terms, the EFAA
applies 'with respect to any dispute or claim that arises or accrues on or after the date of
enactment of this Act'—*i.e.*, March 3, 2022."  *Olivieri v. Stifel, Nicolaus & Co., Inc.*, 112 F.4th
74, 84 (2d Cir. 2024) (quoting Pub. L. No. 117-90, § 3, 136 Stat. 26, 28 (2022)).  Hoffman's
employment at MGCE terminated on August 4, 2021—before the EFAA's enactment date—and
all sexual harassment allegations in the amended complaint took place prior to her termination.
(Am. Compl. ¶¶ 40-62, 97.)  "The EFAA . . . does not apply retroactively" to such claims.  *Delo
v. Paul Taylor Dance Found., Inc.*, 685 F. Supp. 3d 173, 180 (S.D.N.Y. 2023).

Plaintiff nevertheless argues that when Defendants filed a counterclaim in this case on
September 27, 2024, that "constitutes a retaliatory act that caused the case to re-accrue" pursuant
to the continuing violation doctrine.  (Opp. at 5-6.)  That argument is unavailing for two reasons.
First, the amended complaint, filed on October 7, 2024, makes no mention of Defendants'
counterclaim, and the allegation of retaliation on that basis appeared for the first time in

Plaintiff's opposition brief.  (*See* Am. Compl.)  But "a complaint may not be amended by advocating a different theory of liability in an opposition brief wholly unsupported by factual allegations in the complaint."  *Palm Beach Mar. Museum, Inc. v. Hapoalim Sec. USA, Inc.*, 810 F. App'x 17, 20 (2d Cir. 2020) (summary order); *cf. Louis v. N.Y.C. Hous. Auth.*, 152 F. Supp. 3d 143, 158 (S.D.N.Y. 2016) ("[P]laintiffs cannot use their opposition to the motion to dismiss to raise new claims or arguments.").

Second, even if the amended complaint had included a theory of retaliation based on Defendants' counterclaim, it would still not have brought the accrual date of Hoffman's claims within the EFAA's coverage.  "The term 'accrue' means the same thing under the EFAA as it does in the statute-of-limitations context."  *Olivieri*, 112 F.4th at 78.  And in the statute-of-limitations context for Title VII of the Civil Rights Act of 1964, the Supreme Court has distinguished between two types of employment discrimination: discrete acts and hostile work environment.  *See National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115 (2002).  "Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify," and "are not actionable if time barred."  *Id.* at 113-14.  By contrast, "[a] hostile work environment claim is composed of a series of separate acts that collectively constitute one 'unlawful employment practice.'"  *Id.* at 117.  Thus, "the continuing violation doctrine provides that such claims do not accrue . . . 'until the last discriminatory act in furtherance of' the hostile work environment."  *Olivieri*, 112 F.4th at 88 (quoting *Tassy v. Buttigieg*, 51 F.4th 521, 532 (2d Cir. 2022)).  The same distinction and analysis apply to accrual under Section 1981 and the NYSHRL.  *See Taylor v. City of New York*, 207 F. Supp. 3d 293, 301-02 (S.D.N.Y. 2016) ("[T]he distinction drawn in *Morgan* between hostile work environment claims and claims of discrete acts of discrimination should apply equally to § 1981 disparate treatment

4

claims, . . . [and] the continuing violations doctrine of the NYSHRL mirrors that of Title VII." (quotation marks omitted)).

Here, the continuous acts composing the alleged sexual harassment and sexually hostile work environment all occurred between July and August of 2021—before the EFAA took effect. The discrete act of filing an allegedly retaliatory counterclaim occurred on September 27, 2024—after the EFAA took effect.  "The continuing violation doctrine allows a . . . plaintiff to rely on a discrete act to render a hostile environment claim timely *only* if the plaintiff establishes that the discrete act was part of the ongoing, discriminatory practice that created a hostile work environment." *King v. Aramark Servs. Inc.*, 96 F.4th 546, 561 (2d Cir. 2024).  "An unrelated discrete act, different in kind from the conduct giving rise to the hostile environment, does not trigger the continuing violation doctrine." *Id.*  Hoffman's hostile work environment allegations—concerning the sexualization of workers and sexual remarks at the workplace—are different in kind from Defendants' act of filing a counterclaim for breach of contract.  These acts are distinct in nature, with a three-year gap in between, during which Hoffman was no longer employed at MGCE.  Thus, applying accrual principles from the statute-of-limitations context, the allegedly retaliatory counterclaim cannot render the EFAA applicable to Hoffman's hostile work environment claims under Section 1981 and the NYSHRL.

The NYCHRL requires a more liberal approach to the continuing violation doctrine than Title VII.  *See Taylor*, 207 F. Supp. 3d at 302.  Under the NYCHRL, if "specific and related instances of discrimination are permitted by the employer to continue unremedied for so long as to amount to a discriminatory policy or practice," "a plaintiff is entitled to have a court consider all relevant actions allegedly taken pursuant to the employer's discriminatory policy or practice, including those that would otherwise be time barred."  *Fitzgerald v. Henderson*, 251 F.3d 345,

359 (2d Cir. 2001) (quotation marks omitted).  But even under this liberal approach, "acts so isolated in time from each other or from the timely allegations as to break the asserted continuum of discrimination will not suffice" to constitute a continuing violation.  *Id.* at 359 (cleaned up).  For the same reasons that Hoffman's arguments fail under Section 1981 and the NYSHRL, the alleged acts of sexual harassment and the filing of Defendants' counterclaim are so isolated in time that they cannot constitute a continuum of discrimination for the continuing violation doctrine to apply under the NYCHRL.  The Court emphasizes that it is not reaching a determination on the merits of Hoffman's retaliation claims concerning Defendants' allegedly baseless counterclaim.  Hoffman is free to raise such a claim before a duly chosen arbitrator.

Because the EFAA does not apply to Hoffman's claims in this action, Hoffman is bound by the mandatory arbitration agreement.  While Defendants also move to dismiss Plaintiff's sexual harassment claims and for attorney's fees and/or sanctions (*see* Mem. at 10-14), these issues are properly raised before the arbitrator, and the Court declines to reach them.

## IV.    Conclusion

For the foregoing reasons, Defendants' motion to compel arbitration is GRANTED.  Defendants' motion to dismiss and motion for attorney's fees are DENIED without prejudice.  The case is hereby STAYED pending arbitration.  The Clerk of Court is directed to close the motion at Docket Number 27 and to mark this case as stayed.

SO ORDERED.

Dated:  June 6, 2025
        New York, New York

J. PAUL OETKEN
United States District Judge